# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE, v. FREDERICK JAMES BRUSH.

**Direct Appeal from the Circuit Court for Stewart County**
**No. 4-1087-CR-98, Robert E. Burch, Trial Judge**

---

### No. M1999-00622-CCA-R3-CD - Decided April 14, 2000

---

Following denial of a motion to suppress, the appellant Frederick James Brush, entered a *nolo contendere* plea in the Stewart County Circuit Court to one count of aggravated sexual battery and received a sentence of eight years incarceration. Pursuant to Tenn. R. App. P. 3(b) and Tenn. R. Crim. P. 37(b)(2)(i), the appellant explicitly reserved the right to challenge the admissibility of evidence seized pursuant to a search of his residence. Specifically, he contends that the affidavit supporting issuance of the search warrant is insufficient to establish probable cause because it fails to establish the reliability of the three year old victim informant. As we find the issue not dispositive, we are without jurisdiction to entertain the appeal. Accordingly, the appeal is dismissed and the case remanded to the trial court.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court is vacated and remanded; appeal dismissed**.

HAYES, J., delivered the opinion of the court, in which SMITH, J., and OGLE, J., joined.

Ernest W. Williams, Franklin, Tennessee, for the appellant, Frederick James Brush.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, Dan Mitchum Alsobrooks, District Attorney General, and Robert Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant, Frederick James Brush, appeals from a judgment of conviction entered by the Circuit Court of Stewart County. On April 26, 1999, the appellant entered a plea of *nolo contendere* to one count of aggravated sexual battery, a class B felony.[1] As provided by the plea agreement,

---

[1]The appellant was originally charged by indictment of two counts of aggravated rape and one count of aggravated sexual battery. Upon his entry of a *nolo contendere* plea to aggravated

the appellant was sentenced to eight years incarceration in the Tennessee Department of Correction. As a condition of his plea, the appellant, with the consent of the State, reserved the right to appeal, as a certified question of law, the trial court's denial of his motion to suppress the search of his residence. The warrant was issued based solely upon the testimony of a three year old victim informant. On appeal, the appellant challenges the credibility of this or any three year old, arguing that a three year old's reliability should not be measured by the same standard as that of the "typical" citizen informant.

After review of the record, the appeal is dismissed and the case is remanded for further proceedings.

## Background

The facts at the guilty plea hearing established that the appellant and the three year old victim's mother were close acquaintances. On occasion, the mother would leave her daughter in the care of the appellant. One of these occasions occurred in February 1998 and another in July 1998. The mother confirmed that the child was in the appellant's care during these periods of time. In August 1998, the three year old began "telling of a sexual encounter with the [appellant]." Specifically, she related to law enforcement officers:

> she liked pancakes. . . . And, for her to have pancakes at the defendant's house, that she would have to play with his "pee-pee" . . . . And, if she did that, then she would get pancakes. The child also told us that when she would take a bath sometimes, that the defendant would come in and take photographs of her in the bathtub.

Based upon the three year old's statements, a search warrant was obtained and as a result of the search of the appellant's residence, officers recovered a video tape filmed in the appellant's bedroom in which the appellant is seen masturbating and touching the three year old victim with his penis.[2] Also seized were other pornographic photographs of the victim and other unidentified children.

## Analysis

The appellant, in this appeal, seeks review of the certified questions under the provisions of Tenn. R. Crim. P. 37(b)(2)(i). The judgment of conviction specifically reserves the certified question. Accordingly, we proceed to determine whether the questions are properly before this court under subsection (i).

---

sexual battery, the remaining counts of the indictment were dismissed under the terms of the plea agreement.

[2]This proof is the basis of the appellant's conviction for aggravated sexual battery which occurred in February 1998.

An appeal lies from a guilty plea, pursuant to Rule 37(b)(2)(i), if the final order of judgment contains a statement of the dispositive certified question of law reserved by the defendant, wherein the question is so clearly stated as to identify the scope and the limits of the legal issues reserved. See State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988); see also State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996). The order must also state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation, and that the State and the trial judge are of the opinion that the question is dispositive of the case.[3] Preston, 759 S.W.2d at 650. The record satisfies the requirements of Preston and Patterson.

"An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." State v. Wilkes, 684 S.W.2d 663 (Tenn. Crim. App. 1984). That is to say that, if we should find the appellant's position correct, there would be no case to prosecute as there would be no proof to convict. We are unable to conclude that the certified questions are dispositive of the case.[4] Although the incriminating evidence resulting from the search of the appellant's house provides material proof of his guilt, the fact remains that the testimony of the victim was still

---

[3]Although the plea agreement and final order of the trial court are not included in the record before this court, we note that the transcript of the guilty plea hearing reflects the trial court's acknowledgment that the guilty plea was conditionally entered reserving a certified question of law regarding the validity of the search warrant based upon the reliability of the three year old informant. Moreover, the final judgment of conviction provides:

> The State of Tennessee and the defendant through counsel wishes to reserve to the Court of Criminal Appeals the following certified question of Law which both declare to be dispositive of this case: That the affidavit in the search warrant failed to establish probable cause in that reliability of the informant had not been established and that the affidavit in the search warrant did not relate an adequate time frame in which the alleged criminal activity occurred.

[4]The appellant contends that this court should address, as an issue of first impression, the question of whether a child informant be evaluated for reliability as a criminal informant or as a citizen informant. Although we find the presented questions non-dispositive we would note that this court has on previous occasion addressed the issue of a child informant, concluding that a child informant be evaluated as a citizen informant. See State v. Tina M. Yeomans and David McCluster Wade, Jr., No. 02C01-9810-CC-00312 (Tenn. Crim. App. at Jackson, Oct. 25, 1999) (*for publication*). In so concluding, Judge Riley, writing on behalf of this court, held that, although "the age of the informant is certainly relevant, the mere fact that the citizen was a juvenile . . . does not preclude a finding of reliability." State v. Tina M. Yeomans and David McCluster Wade, Jr., No. 02C01-9810-CC-00312 (citing Easton v. City of Boulder, 776 F.2d 1441, 1450 (10th Cir. 1985) (permissible to rely upon statements of five year old and three year old children in issuing arrest warrant)). Additionally, the court acknowledged that, even where evidence is not "legally competent in a criminal trial," that same evidence may be used to establish probable cause. State v. Tina M. Yeomans and David McCluster Wade, Jr., No. 02C01-9810-CC-00312 (citing United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741 (1965)).

available to establish the appellant's guilt. Considering both the testimony of the victim and her mother, a rational trier of fact could have found the appellant guilty of aggravated sexual battery without the State introducing the evidence seized from the search of the appellant's residence.

This court is not at liberty to assume jurisdiction of a matter conferred by agreement of the litigants and the trial court where none is conferred by law. <u>See</u> <u>Wilkes</u>, 684 S.W.2d at 667. As we find the certified questions not dispositive of the case, this court has no jurisdiction to entertain this appeal. <u>See</u> Tenn. R. Crim. P. 37(b)(2). Furthermore, because the guilty plea was the product of a negotiated plea agreement, the plea agreement is vacated and the case is remanded to the trial court for trial or other appropriate proceedings.

Accordingly, the appeal is dismissed.