IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2001

## STATE OF TENNESSEE v. CARL F. NEER

**Appeal from the Criminal Court for Anderson County**
**No. 99CR0252     James B. Scott, Jr., Judge**

_____

**No. E2000-02791-CCA-R3-CD**
**October 8, 2001**
_____

The defendant, Carl F. Neer, pleaded guilty in the Anderson County Criminal Court to a fourth-offense possession of marijuana, a Schedule VI controlled substance, and attempted to appeal a certified question of law.  Because we are constrained to conclude that he has not properly presented his certified question, we dismiss the appeal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed; Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Ann D. Kress Coria, Clinton, Tennessee, for the Appellant, Carl F. Neer.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On October 6, 2000, the defendant and the state filed a plea agreement in which the defendant accepted a Range I, two-year incarcerative sentence in exchange for the dismissal of three other drug-related counts in the indictment.  The agreement also provided,

> This plea is entered reserving the following certified question of law: whether evidence gathered as a result of a search warrant should have been suppressed[. I]f this evidence were suppressed, the State would not have proof for trial.  The specifics regarding the certified question of law have been set forth in paperwork filed and entered with the Court this day [, October 6, 2000].

The only other "paperwork" filed on October 6, 2000 relative to the conviction offense was the conviction judgment. It set forth the terms of the conviction and sentence and, regarding the certified question reservation, stated, "This plea is entered reserving the following certified question of law: Whether evidence gathered as a result of the search warrant should have been suppressed; if evidence were suppressed the State would not have proof for trial." There was no reference to other "paperwork" in the judgment.

On October 10, 2000, the defendant filed his notice of appeal to this court. Then on October 16, 2000, the trial court executed and entered an order which approved an appeal of the following certified question of law:

> On or about December 29, 1999, the Defendant filed a Motion to Suppress drugs that were seized from the Defendant's residence, on the basis that the search and seizure was unreasonable and illegal, in violation of the Fourth Amendment to the United States Constitution and Section 7 of . . . Article 1 of the Tennessee Constitution, as well as statutes and laws of Tennessee. The seizure of these drugs resulted in the instant charges of which Defendant stands accused. Specifically, Defendant contended that the search was conducted with an illegal search warrant, and that the affiant made a false statement, either recklessly or intentionally to deceive the Court, in the search warrant affidavit such that the affidavit is insufficient to support probable cause and/or the affidavit is void.

The order recounted the trial court's denial of the suppression motion and acknowledged that the defendant reserved a certified question of law as part of his plea agreement, that the trial court and the state agreed to the reservation, and that the court, the defendant, and the state agreed that the certified question of law would be dispositive of the case. The order was signed by counsel for both the defendant and the state.

The record supporting the reservation of the certified question of law consists of the above elements. The record also contains a transcript of the suppression hearing, to which is exhibited the authenticated search warrant and affidavit that was the subject of the suppression motion.

Regarding the defendant's attempt to reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i), this case must be added to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the *Preston-Pendergrass* litany of requirements for certified-question appeals. In *State v. Pendergrass*, our supreme court "emphasized" that:

> [r]egardless of what appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the

time begins to run to pursue a T.R.A.P. 3 appeal *must contain a statement of the dispositive certified question of law reserved* by defendant for appellate review and the question of law must be *stated so as to clearly identify the scope and the limits of the legal issue reserved.* For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and state in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996) (quoting *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)) (emphasis supplied in *Pendergrass*); *see State v. Lillie Fran Ferguson*, No. W2000-01687-CCA-R3-CD, slip op. at 4-5 (Tenn. Crim. App., Jackson, Apr. 27, 2001) (lamenting general, widespread failure to comply with *Preston-Pendergrass* and citing cases in which court of criminal appeals has dismissed certified-question appeals).

In the present case, the trial court's judgment of conviction arguably contains affirmations that the certified question "was expressly reserved as part of the plea agreement" and that the parties and the trial judge were "of the opinion that the question is dispositive of the case." Also, the consent of the parties and of the trial court to the reservation of the certified question is arguably inferred from the signatures of the assistant district attorney general and counsel for the defendant and the effectuating signature of the trial judge. On the other hand, the judgment fails to articulate the scope of the certified question and "the limits of the legal issue reserved." It states no "reasons relied upon by defendant in the trial court at the suppression hearing."

Failure to identify the scope of the certified question is fatal to the Rule 37(b)(2)(i) appeal. *State v. Calvin T. Barham*, No. W2000-00871-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Jackson, May 15, 2001) *pet. for perm. app. filed* (Tenn. July 11, 2001); *State v. Danny Harold Ogle*, No. E2000-00421-CCA-R3-CD, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Jan. 17, 2001),

*perm. app. denied* (Tenn. 2001).  To be sure, the final judgment may accomplish the purpose of fully stating the certified question by incorporating into the judgment the terms of another document by making reference to that document.  *Lillie Fran Ferguson*, slip op. at 3; *State v. Andrea McCraw*, No. 03C01-9903-CR-00106, slip op. at 4 (Tenn. Crim. App., Knoxville, Mar. 7, 2000) *perm. app. denied* (Tenn. 2000).  The judgment in the present case, however, fails to refer to or incorporate the October 16 order or any other order or document.

Moreover, we may not treat the October 16, 2000 order as an amendment of the final judgment.  The notice of appeal to this court was filed before October 16, 2000.  Once a timely notice of appeal has been filed, "the trial court loses jurisdiction."  *Pendergrass*, 937 S.W.2d at 837.  "Once the trial court loses jurisdiction, it generally has no power to amend its judgment."  *Id.*  In effect, the October 16 order is a nullity.  *See id.*; *Calvin T. Barham*, slip op. at 2-3.  Moreover, "jurisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties."  *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

This court has stressed that the *Preston-Pendergrass* requirements are jurisdictional.  *Danny Harold Ogle*, slip op. at 4.  "Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal."  *Calvin T. Barham*, slip op. at 2.

Based upon the strictures governing certified-question appeals as mandated by our supreme court and repeatedly explained and applied by this court, and based upon the defendant's failure to comply with those strictures, we dismiss the appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE