**STATE of Tennessee, Appellee,**

v.

**Edwin Ross WILKES, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 30, 1984.

Scott Daniel, Murfreesboro, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Joseph D. Baugh, Dist. Atty. Gen., Franklin, for appellee.

## OPINION

TATUM, Judge.

This is an attempt to appeal from judgments entered on guilty pleas to three counts of crime against nature (fellatio), and one count of employing a minor for obscene purposes. Reservations were made to appeal judgments of the trial court denying motions to suppress evidence obtained by searches pursuant to two search warrants. For the reasons hereinafter discussed, the appeal is not authorized and must be dismissed. However, the guilty pleas are vacated and the cases are remanded to the trial court for proper disposition.

The indictment contained 234 counts charging crimes against nature and using minors for obscene purposes (T.C.A. § 39–6–1137). A motion to suppress was filed and a transcript of the hearing on that motion is a part of the record. No other facts are available to us except those found in the transcript of the hearing on the guilty plea.

The defendant worked and lived in Georgia during the week and returned to his residence in Fairview where he stayed on weekends. In February, 1981, he gave a key to his house to Johnny Wayne Ownes, one of the minors with whom he had been sexually involved. Owens lost his key and the defendant then gave a key to his barn and to his house to another minor, Robert Graves. According to the defendant, the

key to the barn was to enable Graves to obtain dog food to feed the defendant's dogs and the key to the house was for use in an emergency. Graves lived on property adjacent to the defendant's property in Fairview and for a considerable period had been spending nights with the defendant on nearly every weekend.

On April 6, 1981, during defendant's absence, Graves and his 16-year-old sister, Evelyn Oliphant, went to the defendant's house to feed the dogs. Evelyn entered the house looking for cigarettes and found a 1978 calendar book. The calendar book was stated to be an exhibit but was not made a part of the record for our inspection. From the transcript, we glean that the book contained from three to seven photographs per page depicting about 50 males, ranging in age from 3-years-old to 17-years-old, in various poses and sexual acts.

Graves, his sister, and their father took this book to the police. The chief questioned Evelyn about the book and talked to three of the males depicted in the photographs in the book.

After receiving information from these young males, the calendar book and Ms. Oliphant, the chief of police went to the District Attorney General for help in drafting an affidavit and search warrant. After executing the affidavit, a search warrant was issued by the General Sessions Judge. Armed with the search warrant, the chief entered the defendant's residence and found additional photographs, cancelled checks and other items. This evidence was not preserved for our review.

After this search, the chief talked with two other minor males and obtained further information. He then procured another search warrant for the defendant's residence. On his second search, he found pill bottles believed to contain human secretions and labelled with the initials of minors involved in unnatural sex activities, and a computer believed to have the capacity to program records of unnatural sex activities.

The motion to suppress was aimed only at the validity of the two search warrants and the admissibility in evidence of the fruits of the ensuing searches. Thus, even if these searches were invalid and the evidence obtained by the police searches was suppressed, other evidence available to the State would not be affected. Evidence that was not obtained in the two searches would include the calendar book and photographs found by Ms. Oliphant, testimony of the young males, and perhaps other evidence.

Before we can reach the questions involving the validity of the two search warrants and the constitutionality of the ensuing searches, we must first determine the threshold question of whether an appeal lies from the guilty plea. The appeal purports to have been brought pursuant to Rule 37(b), T.R.Cr.P.:

"(b) When an Appeal Lies.—An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:

(1) Upon a plea of not guilty; or

(2) Upon a plea of guilty or nolo contendere if:

(i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the *consent of the state and of the court* the right to appeal a certified question of law *that is dispositive of the case;* or

(ii) Defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or

(iii) The error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

(iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case." (Emphasis supplied)

The guilty pleas were bargained. In announcing the agreement between the State and the defendant, the Attorney General

said that part of the agreement was that the defendant

"be allowed to reserve the search question in this particular case, although there is *no stipulation as to whether that would be outcome* (sic) *determinative or not,* when we understand that, but that he be allowed to maintain his— the search question and appeal that search question and that question be certified on all of the issues raised at that hearing." (Emphasis added)

From this statement of the Attorney General and other portions of the guilty plea hearing, it is obvious that neither the State, the defendant, nor the trial judge considered the search issues to be dispositive. We quote other excerpts from the guilty plea hearing:

"THE COURT: Do you understand that you give up all of those rights by pleading guilty; that if you plead guilty, except for your right to appeal the search *question and have a retrial, if you prevail there?* You are giving up your right to a confrontation of the witnesses against you in a trial, and you are giving up your right to appeal? (Emphasis added)

MR. WILKES: Yes, sir."

\* \* \* \* \* \*

"THE COURT: Okay. And you do understand that in the event that you are successful in your appeal, that doesn't mean that you are acquitted; that simply means you would come back and have a trial with the evidence put on, but excluding the evidence that is in question?

MR. WILKES: Yes, sir."

\* \* \* \* \* \*

"MR. DANIEL: (defense counsel) All right. The only other thing I have, Your Honor, and Gen. Baugh, I believe, has covered everything else. I just wanted to make clear that the Supression (sic) Motion, if, in fact, the Court sustained that, the accused would be allowed to withdraw the plea here and we would go back to square one.

THE COURT: All right. I think the record is clear on that."

The defendant, in his briefs, repeatedly acknowledged that the issues are not dispositive. For example, he concludes his rebuttal brief by saying:

"... Clearly, this Court must abide by the law of this State and suppress the use of the evidence as being the fruits of an illegal search with the result that the defendant's plea be withdrawn and his conviction overturned entitling him to a trial upon the merits in which the evidence in question shall not be admissible and appellant shall be entitled to the return of his property."

▮▮▮ Interlocutory appeals are governed by Rules 9 and 10 of Tennessee Rules of Appellate Procedure. Non-dispositive search questions cannot be brought to this court by an interlocutory appeal. *State v. Hartsfield,* 629 S.W.2d 907 (Tenn. Crim.App.1980). As noted above, Rule 37(b)(2)(i) permits an appeal on a plea bargained guilty plea only with the consent of the state and of the court on a question of law that is certified to be dispositive of the case. As may be readily seen from what we have already said, neither party nor the court considered the question of these searches to be dispositive. The final judgment does not certify the question of law appealed as being dispositive, as the rule contemplates.

During oral argument, we informed the State and the defendant of the apparent infirmity in this appeal and directed that they file briefs in support of their contention that the rules permit us to entertain this appeal. In its brief on the question, the State says that

"(I)t would appear that the State has agreed the validity of the four guilty pleas at issue must stand or fall with the admissibility of the evidence seized pursuant to the warrants."

This statement is in direct contradiction of the record but, even if we construe it to mean that the State now considers the issues to be dispositive, we still could not accept the appeal. As previously noted,

Rule 37(b)(2)(i), T.R.Cr.P. requires that the trial judge agree and certify that the question is dispositive of the case. Obviously, the trial judge did not consider the question to be dispositive and made no such certification. This appeal is not permitted by Rule 37(b)(2)(i).

 In its brief, the defendant insists that this appeal is pursuant to T.R.Cr.P. Rule 37(b)(2)(iii) and not 37(b)(2)(i). This argument overlooks the fact that a valid guilty plea is an admission of all facts alleged and is a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. *Parker v. State*, 492 S.W.2d 456 (Tenn.Crim.App.1973). Rule 37(b)(2)(iii) does not permit an appeal of matters waived as a matter of law by the guilty plea. We think that the committee comments to the rule are correct. The comments state:

"The third provision will apply in cases where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute, wherein it would be judicially inefficient to require a post-conviction collateral attack when the error is apparent upon the face of the existing record."

 This court will not violate court rules to assume jurisdiction of a matter on agreement of litigants and the trial court. We will not assume jurisdiction of a question involving the admissibility of evidence when guilty pleas are entered unless the question makes final disposition of the case. An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. A question is never dispositive when we might reverse and remand for trial as we would be required to do in this case if we accepted jurisdiction, decided the question on its merits and found in favor of the defendant.

 The defendant, in his court-requested brief, says that if we dismiss this appeal, we should remand for a new trial. He states that his attorney, the District Attorney, and the trial judge informed him that he could appeal the validity of the search warrant and obtain a trial excluding evidence obtained as a result of the two searches in the event we sustained his contentions. We agree with the defendant in this assertion and agree that it would be unfair under the circumstances to dismiss the appeal and affirm the judgments entered on the guilty pleas.

It results that the appeals of these four cases are dismissed, the guilty pleas and plea-bargain agreements are vacated, and the cases are remanded to the trial court for trial or other appropriate proceeding.

O'BRIEN and DAUGHTREY, JJ., concur.