# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



FILED

April 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. NO. 02C01-9808-CC-00242 |
| | ) | |
| | ) | Fayette County |
| V. | ) | |
| | ) | Honorable Jon Kerry Blackwood, Judge |
| | ) | |
| **RICHARD R. POWERS, JR.,** | ) | (Driving Under the Influence) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

DAVID A. MCLAUGHLIN
WILLIAM F. BURNS
Waring Cox, PLC
50 N. Front St., Suite 1300
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH T. RYAN
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED AS MODIFIED**

**JOHN EVERETT WILLIAMS,**
Judge

# O P I N I O N

The defendant, Richard R. Powers, Jr., appeals on two certified questions of law. The Circuit Court of Fayette County, Tennessee, denied the defendant's motion to suppress certain evidence regarding his arrest for driving under the influence. The defendant moved to suppress the results of both the chemical breath test and two of three field sobriety tests. After the trial court denied his motion, the defendant pleaded guilty but reserved appeal under the certified questions of law. We conclude the trial court erred in entering two DUI convictions based upon the same conduct. We affirm one DUI conviction and set the other aside.

## BACKGROUND

The record submitted to this Court does not contain the transcript of the preliminary hearing, and few facts were presented at the suppression hearing. Therefore, the record before this Court contains little background information. The record omits details regarding the basis for the stop, the initial interaction between the officer and the defendant, the officer's observations, and one field sobriety test not addressed by the defendant's questions of law.

However, the record indicates that the officer stopped the defendant for speeding. The officer subsequently administered three field sobriety tests. The defendant claims that his responses to two of the tests, given while in custody and without benefit of a "Miranda" warning, should be suppressed. He argues that his reciting the alphabet from "L" to "Z" and his reciting a series of numbers in reverse order both constitute self-incrimination, in violation of protection granted by the Fifth Amendment to the United States Constitution.

After arresting the defendant, the officer apparently advised the defendant that he would lose his operator's license for six months, not the actual term of one year, if he did not submit to a chemical breath test. The defendant also asserts that the officer failed to advise him that he could obtain an independent alcohol test. Thus, the defendant argues, the results of the chemical breath test should be suppressed because the officer did not operate in strict compliance with the applicable law.

## ANALYSIS

The defendant presents his certified question under Tenn. R. Crim. P. 37(b)(2)(i):

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction. . . . (2) Upon a plea of guilty or nolo contendere if: (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case.

The trial court's Order comprises a statement of the certified question, sufficient to "clearly identify the scope and the limits of the legal issue reserved," and the requisite consent from the trial judge and from the state for an appeal on a dispositive question of law. See State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). An issue is dispositive when the appellate court must either affirm or reverse and dismiss on that issue. See State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

The defendant contends the results of the chemical breath test are subject to suppression since the implied consent form incorrectly advised him that his driving privileges would be suspended for six months, rather than the correct time of one year, if he refused to submit to the test. See Tenn. Code Ann. § 55-10-406(a)(3). This Court has previously concluded that an officer's failure to give the license suspension warning does not warrant suppression of

-3-

the blood alcohol test. <u>State v. Jerry Huskins</u>, C.C.A. No. 01C01-9707-CR-00253, Putnam County (Tenn. Crim. App. filed September 29, 1998, at Nashville). We similarly conclude that erroneously advising a defendant of a six-month suspension rather than the proper one-year suspension does not lead to suppression. Common sense also dictates that if the defendant was willing to consent to the test believing his refusal would lead to a six-month suspension, he certainly would have consented had he known the suspension would have been for one year. This issue is without merit.

This Court notes that the trial court entered two separate judgments of conviction for two counts of DUI based upon the same conduct. Count 1 charged driving under the influence of an intoxicant pursuant to Tenn. Code Ann. § 55-10-401(a)(1), and Count 2 charged driving with an alcohol concentration of .10% or more pursuant to Tenn. Code Ann. § 55-10-401(a)(2). The statute does not contemplate separate offenses based upon the same conduct as this would be a double jeopardy violation. <u>See generally</u>, <u>State v. Denton</u>, 938 S.W.2d 373, 378-83 (Tenn. 1996).

We have determined that the chemical test was not subject to suppression; therefore, defendant's conviction pursuant to Tenn. Code Ann. § 55-10-401(a)(2) is proper. This renders moot the other certified question relating to the propriety of certain field sobriety tests absent <u>Miranda</u> warnings since it related to the conviction pursuant to Tenn. Code Ann. § 55-10-410(a)(1).

**CONCLUSION**

We affirm the judgment of conviction under Count 2 of the indictment alleging that the defendant unlawfully drove a motor vehicle with an alcohol concentration of .10% or more. We remand this matter to the trial court with instructions to set aside the separate DUI conviction under Count 1 of the indictment.

_____
JOHN EVERETT WILLIAMS, Judge

-5-

CONCUR:


_____
DAVID G. HAYES, Judge




_____
JOE G. RILEY, Judge