# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 4, 2003 Session

## STATE OF TENNESSEE v. SYLVESTER GAILES, JR.

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-12589     J.C. McLin, Judge**

---

**No. W2002-02080-CCA-R3-CD  - Filed December 3, 2003**

---

The defendant pled guilty to fourth offense driving under the influence (DUI-fourth offense), a felony, and received a two-year sentence with all but 150 days suspended.  Pursuant to a plea agreement reserving a certified question of law, he contends that Tennessee Code Annotated section 55-10-403(a)(3), the statute setting forth the method of determining prior convictions, is unconstitutional as applied to his case.  We dismiss the appeal for lack of jurisdiction after concluding the certified question of law is not dispositive of the case.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Randall B. Tolley, Memphis, Tennessee, for the appellant, Sylvester Gailes, Jr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Perry S. Hayes and Kimkea Lashea Harris, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The defendant was arrested on March 19, 2000, and charged with DUI-fourth offense, a Class E felony.  *See* Tenn. Code Ann. § 55-10-403(a)(1).  The indictment alleged he had three prior convictions for driving under the influence, one on November 28, 1994, and two on September 21, 1988.  He pled guilty to DUI-fourth offense and, pursuant to a plea agreement, reserved a certified question of law.  In this appeal, he asks this court to determine whether the following highlighted portion of Tennessee Code Annotated section 55-10-403(a)(3) is constitutional:

> For purposes of this section, a person who is convicted of a violation of § 55-10-401 shall not be considered a repeat or multiple offender and subject to the penalties prescribed in subsection (a), if ten (10) or more years have elapsed between such conviction and any immediately preceding conviction for a violation.  If, however, a person has been convicted of a violation of § 55-10-401 within ten (10) years of the

present violation, then such person shall be considered a multiple offender and is subject to the penalties imposed upon multiple offenders by the provisions of subsection (a). **If a person is considered a multiple offender under this subdivision, then every conviction for a violation of § 55-10-401, within ten (10) years of the immediately preceding violation shall be considered in determining the number of prior offenses, but in no event shall a conviction for a violation occurring more than twenty (20) years from the date of the instant conviction be considered for such purpose.**

The defendant contends the provision operates in an "unconstitutionally retrospective manner" as it applies to his 1988 convictions for driving under the influence.[1] Thus, he argues he could only be prosecuted for DUI-second offense. We are unable to address the merits of this non-dispositive issue since we are without jurisdiction to hear this appeal.

Our state supreme court has outlined the requirements for certifying a question of law to the appellate courts. *See* State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). The Preston requirements are now incorporated into Rule 37. *See* Tenn. R. Crim. P. 37(b)(2)(i), (iv). If those requirements are not met, the appeal must be dismissed. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996). Among the requirements for a properly certified question of law is that it must be "dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(i), (iv).

An issue is dispositive when the appellate court "'must either affirm the judgment or reverse and dismiss.'" State v. Walton, 41 S.W.3d 75, 96 (Tenn. 2001) (quoting State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never deemed to be dispositive when the appellate court might reverse and remand. Wilkes, 684 S.W.2d at 667. In the case under review, the parties and the trial court certified the issue was dispositive of the case; however, an appellate court is not bound by the trial court's determination that an issue is dispositive. Preston, 759 S.W.2d at 651. Rather, the court must make an independent determination of the dispositive nature of the issue and must deny appellate review if the court determines the issue is not dispositive. *Id.*

Recently, in State v. James H. Thompson, No. M2002-02137-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 889 (Tenn. Crim. App. Oct. 13, 2003, at Nashville), our court was asked to address a similar certified question concerning the state's right to prosecute a defendant as a multiple DUI offender. Reasoning that the relief requested by defendant Thompson would merely necessitate a remand rather than a dismissal, the court concluded the question before it was not dispositive of the case. *Id.* at *7. Likewise, in the instant case, the defendant concedes the relief he seeks would not result in the dismissal of the indictment; instead, it would require his case to be remanded for consideration of the charge of DUI-second offense.

---

[1] Although we do not address the issue on its merits, we do note that this court has addressed this issue on numerous prior occasions. *See, e.g.,* State v. Robert A. Sisson, No. W2001-01666-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 197, at *5 (Tenn. Crim. App. Mar. 4, 2003, at Jackson), *perm. to app. denied* (Tenn. 2003); State v. Clever, 70 S.W.3d 771, 776-77 (Tenn. Crim. App. 2001); State v. Janice Carol Biskner, No. E2000-01440-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 887, at *25 (Tenn. Crim. App. Nov. 13, 2001, at Knoxville).

Accordingly, the issue before us is not dispositive of the defendant's case.  Because the certified question of law is not properly before this court, we dismiss for lack of jurisdiction.

_____

JOE G. RILEY, JUDGE