IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 14, 2003 Session

## STATE OF TENNESSEE v. JAMES D. ROWLAND

**Direct Appeal from the Circuit Court for Rutherford County**
**No. M-53098     James K. Clayton, Jr., Judge**

---

**No. M2003-00878-CCA-R3-CD - Filed May 11, 2004**

---

This appeal involves review of a certified question of law following the Defendant, James D. Rowland's, guilty plea to DUI. *See* Tenn. R. Crim. P. 37(b)(2)(1). Because we find that the certified question is not dispositive, we are without jurisdiction to entertain the appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined; JERRY L. SMITH, J., not participating.

R. Steven Waldron, Waldron & Fann, Murfreesboro, Tennessee, for the Appellant, James D. Rowland.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Factual Background

The police officer testified that he observed the Defendant run a red light. The Defendant testified that the light changed from green to yellow as he proceeded under the light. After the stop, the Defendant was charged with DUI based upon the officer's belief that the Defendant was intoxicated. The Defendant filed a motion to suppress, alleging that the stop was unlawful as the officer lacked "reasonable and articulable suspicion to justify the stop." The trial court denied the Defendant's motion, finding that the officer "believed [the Defendant] had run a red light." The Defendant subsequently pled guilty to DUI reserving on appeal the following certified question of law: "Whether Officer Waters, when he stopped the Defendant's vehicle on N. W. Broad Street on

March 1, 2002, had reasonable suspicion to believe that the Defendant had committed a crime or that a crime was about to be committed?"

## Analysis

On appeal, the Defendant argues that the trial court applied an incorrect standard. The Defendant contends that what the officer "believed" he observed is unimportant. The proper question, the Appellant contends, citing *State v. Yeargan*, 958 S.W.2d 626, 632 (Tenn. 1997), is whether the officer's suspicion of criminal activity was reasonable and supported by specific and articulable facts. In this case, the Defendant asserts that, due to the conflicting nature of the testimony at the suppression hearing, it would be "impossible to find that his belief was reasonable."

We agree that the trial court misapplied the standard of reasonableness at the suppression hearing. The phrase "reasonable suspicion" is an objective standard to be determined by the totality of the circumstances. *See State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992). In the instant case, the trial court clearly applied a subjective standard, *i.e.*, whether the officer "believed [the Defendant] ran a red light." Moreover, the trial court made no findings with regard to whether the officer's belief was supported by specific and articulable facts.

Notwithstanding misapplication of the standard, we conclude that the certified question presented on appeal is not dispositive of the case. An issue is dispositive when this court must either affirm the judgment or reverse and dismiss based on the resolution of the issue. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). This court is not at liberty to assume jurisdiction of a matter conferred by agreement of the litigants and the trial court where none is conferred by law. *Id.* at 667.

The determinative issue in this case is whether the stop of the Defendant's vehicle was valid, *i.e.*, whether the facts establish that a crime was committed in the officer's presence. The Defendant improperly frames this issue within the context of an investigatory stop, which, as correctly argued, requires "specific and articulable" facts. The proof, however, clearly establishes that the officer's stop was predicated upon grounds that he observed the Defendant commit a traffic offense. Tennessee Code Annotated Section 40-7-103 (2003) provides that an officer may, without a warrant, arrest a person for a public offense committed in the officer's presence. Accordingly, the officer was warranted in stopping the vehicle. Indeed, this was the argument advanced by the State at the suppression hearing, notwithstanding its approval of the Defendant's issue certified on appeal. Thus, the standard applicable to an investigatory stop, *i.e.*, "reasonable suspicion," has no application to a stop predicated under Tennessee Code Annotated Section 40-7-103. Indeed, to accept the certified question as being dispositive would lend credence to an improper standard under the facts of this case. When a defendant enters a plea of guilty, the only way he can invoke the jurisdiction of this court to consider a substantive issue, except for sentencing or non-waivable issues, is by reserving "the right to appeal a certified question of law that is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(ii), (iv).

-2-

## Conclusion

Because the certified question is not dispositive as to the DUI conviction, we have no jurisdiction to entertain an appeal of that conviction. Thus, this appeal is dismissed, and we affirm the judgment of the trial court as to the Defendant's DUI conviction.

_____
DAVID G. HAYES, JUDGE