IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## STATE OF TENNESSEE v. JOHN PAUL ARNETT

**Appeal from the Criminal Court for Carter County**
**No. S16309   Robert E. Cupp, Judge**

---

**No. E2004-01065-CCA-R3-CD - July 18, 2005**

---

The defendant was indicted by the Carter County Grand Jury for two (2) counts of third offense DUI and one (1) count driving on a revoked license.  The defendant filed a motion to suppress which was denied by the trial court.  The defendant later agreed to a guilty plea subject to a certified question of law.  The certified question, which is presented on appeal to this Court, is: whether the trial court erred by failing to hold that the defendant was unlawfully arrested without a warrant, for a misdemeanor (driving under the influence 2nd offense, and driving on a revoked license first offense), not committed in the presence of an officer, and not subject to an exception allowing warrantless arrests under Tennessee Code Annotated section 40-7-103, thereby rendering any evidence gained from such unlawful arrest inadmissible, which would result in the dismissal of the indictment.  We conclude that the certified question is not dispositive of the case, and we do not have jurisdiction.  Therefore, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Robert Y. Oaks, Assistant Public Defender, Elizabethton, Tennessee, for the appellant, John Paul Arnett.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; Joe Crumley, District Attorney General; Ken Baldwin, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

The following facts, taken from an affidavit of one of the arresting officers, were stipulated to by the State and the defendant:

> On 11-26-02 at approx. 11:15 P.M., Deputy Tim Tester and Constable Bobby Canter received a call of a wreck on Rittertown Road in which the driver was drunk and was walking up Rittertown Road. Approx. 1 minute later, officers arrived on the scene of the wreck and observed a car sitting in a ditch in a curve. Several bystanders were present and they advised the driver was wearing a white shirt, with blue pants. They stated he asked them if they were cops and then began walking up Rittertown Road. We drove up Rittertown Road and observed a male wearing a white shirt with blue pants approx 3/10's miles from the scene walking away. We checked the male and found him to be John Arnett. He had an open beer inside of his shirt and a beer in his pants pocket. Officer Tester Mirandized Arnett and Arnett stated that he was driving and had ran [sic] off the road due to having had to [sic] much to drink. He stated the wreck was caused by his stupidity for driving. He was asked to take several sobriety tests for [sic] which he replied that he was drunk and there was no need to take any tests. He smelled strongly of an intoxicant, had bloodshot and glassy eyes and was stumbling around having trouble keeping his balance. On the finger to nose test, he did not tilt his head back or close his eyes after being instructed to do so. His body was swaying from side to side and he was touching the top of his nose with his left index finger. He stated he couldn't do the heel-to-toe or the one leg stand. He was placed under arrest and transported to the scene of the accident. Upon arrival, we spoke with several witnesses who stated that they observed the accident and saw the man get out of the car and begin walking up the road. A license check revealed that Arnett was driving on a revoked DL and also had a prior DUI conviction in Carter County in 1999. A breath test revealed his BAC to be .28

On March 6, 2003, the defendant was indicted for two(2) counts of third offense DUI, and one (1) count driving on a revoked license by the Carter County Grand Jury. On July 8, 2003, the defendant filed a motion to suppress any evidence gained as a result of his warrantless arrest. The trial court denied the defendant's motion on September 29, 2003. The defendant agreed to a guilty plea subject to a certified question. The defendant entered a guilty plea to DUI second offense and to driving on a revoked license. The trial court sentenced the defendant to eleven (11) months and twenty-nine (29) days on the amended charge of DUI second offense, a Class A misdemeanor and six (6) months in the county jail for driving on a revoked license, a Class D misdemeanor. The trial

court ordered these sentences to be served concurrently. The judgment of the trial court was entered on April 16, 2004. The defendant filed a timely notice of appeal.

## ANALYSIS

The certified question of law reserved by the defendant is: whether the trial court erred by failing to hold that the defendant was unlawfully arrested without a warrant, for a misdemeanor (driving under the influence 2nd offense, and driving on a revoked license first offense), not committed in the presence of an officer, and not subject to an exception allowing warrantless arrests under Tennessee Code Annotated section 40-7-103, thereby rendering any evidence gained from such unlawful arrest inadmissible, which would result in the dismissal of the indictment.[1]

Under Rule 37 of the Tennessee Rules of Criminal Procedure:

> [r]egardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment . . . must contain a statement of the dispositive certified question of law reserved by a defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved . . . also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case.

State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996) (quoting State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988)). The burden is on the defendant to satisfy the mandatory requirements of Rule 37. Preston, 759 S.W.2d at 650. This Court does not have jurisdiction to address issues that are not properly certified under Preston and such appeals are subject to dismissal. Id.

We conclude that the certified question of law is not specific enough to fulfill the requirements set out in Preston and Pendergrass. The defendant bases his certified question on his warrantless arrest. The defendant filed a motion to suppress "any evidence gained as a result of the warrantless arrest of the defendant away from the scene of an automobile accident. The defendant alleges that under Tenn. Code Ann. § 40-7-103 the officers could only have effected a legal arrest if a misdemeanor had been committed in their presence." The defendant's motion to suppress as

_____

[1]Although it does not form the basis of this Court's decision, we note that contrary to the defendant's contention he was arrested in violation of Tennessee Code Annotated section 40-7-103, the situation at hand apparently does fall under an exception listed in the statute. Tennessee Code Annotated section 40-7-103(a)(6) states, "[a]t the scene of a traffic accident when, based on personal investigation, the officer has probable cause to believe that such a person has committed an offense under the provisions of title 55, chapter 8 and 10. The provisions of this subdivision (a)(6) shall not apply to traffic accidents in which no personal injury occurs or property damage is less than one thousand dollars ($1,000) unless the officer has probable cause to believe that the driver of such vehicle has committed an offense under § 55-10-401."

well as his certified question of law never specifies which evidence he believes should be suppressed. We are not able to determine the specific evidence the defendant claims should have been suppressed. Therefore, the defendant's certified question does not "clearly identify the scope and limits of the legal question reserved."

More importantly, aside from the above complications with the defendant's certified question, we have determined that we do not have jurisdiction over the defendant's appeal. For this Court to have jurisdiction over an appeal of a certified question of law, the question must be dispositive of the case. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). For a certified question of law to be dispositive of a case, "this Court must either affirm the judgment or reverse and dismiss. A question is never dispositive when we might reverse and remand for trial . . . ." Id.

The facts to which the parties stipulated showed that Deputy Tester and Constable Bobby Canter received a call about a wreck on Rittertown Road. They were informed the driver was drunk and was walking up the road away from the vehicle. When the officers arrived at the scene of the accident, several bystanders told the officers that the driver was wearing a white shirt and blue pants. The bystanders told the officers that the driver asked them if they were cops and began walking up the road. The officers then drove up the road about three-quarters of a mile and found a man matching the description given by the bystanders. This man was identified as John Arnett, the defendant. The defendant had an open beer inside his shirt and another beer inside his pants pocket. The officers stated that the defendant smelled strongly of an intoxicant, had bloodshot and glassy eyes, and was stumbling around having trouble keeping his balance. The police officers read the defendant his Miranda rights and began to question him. The defendant then confessed that the wreck was caused by his own stupidity for driving after having too much to drink. The officer asked the defendant to perform some field sobriety tests, but the defendant declined stating that he was drunk, and there was no need to take the tests. After later agreeing to take the tests, the defendant failed them. After the officers identified the defendant, they determined that he was driving on a revoked driver's license and had a prior DUI conviction in Carter County in 1999. After failing the sobriety tests, the defendant was arrested. The officers returned to the scene where bystanders told them that they saw the accident and saw the man get out of the car. A breathalyzer test apparently performed after his arrest showed a blood alcohol level of .28.

There is abundant independent evidence, apart from anything taken from the defendant and subject to suppression, primarily the testimony of the bystanders and the officers, to prove the defendant's guilt. This Court has stated:

> It is well established that the denial of a motion to suppress a blood alcohol test is not necessarily dispositive of the case when sufficient evidence exists that is "independent of the test result," such as the testimony from an officer or other witness that the motorist drove in a manner or otherwise exhibited behavior that

suggested impairment of the ability to drive. <u>State v. Gregory W. Gurley</u>, No. W2001-02253-CCA-R3-CD (Tenn. Crim. App., at Jackson, Aug. 6, 2002).

<u>State v. Terry A. Hawkins</u>, No. M2002-01819-CCA-R3-CD, at *3 (Tenn. Crim. App., at Nashville, April 6, 2004). We conclude that there is ample independent evidence from which reasonable minds could determine the defendant guilty. Therefore, the certified question is not dispositive of the case.

## **CONCLUSION**

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

                    _____

                    JERRY L. SMITH, JUDGE