# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 10, 2006 Session

## STATE OF TENNESSEE v. JAMIE L. BAILEY

### Direct Appeal from the Circuit Court for Dyer County
#### No. C02-73     Lee Moore, Judge

---

### No. W2005-01629-CCA-R3-CD  - Filed May 17, 2006

---

The trial court found that the defendant, Jamie L. Bailey, was competent to stand trial and he pled guilty to three counts of first degree murder and was sentenced to three concurrent life sentences, reserving as a certified question of law whether the trial court was correct in its competency determination. He then filed a *pro se* motion to withdraw his pleas of guilty, and defense counsel filed a notice of appeal as to the certified question. Pending the outcome of his appeal, the trial court held in abeyance the *pro se* motion to withdraw the pleas of guilty. Before considering the appeal as to the certified question, this court remanded the matter to the trial court for a determination as to the motion to withdraw the pleas of guilty. Following the remand, the defendant withdrew his motion to withdraw the pleas of guilty, and this court then considered his appeal as to the certified question. Following our review, we conclude that this appeal does not properly present a certified question because, even if resolved in favor of the defendant, it would result only in remand to the trial court for further determinations. Accordingly, this court does not have jurisdiction as to the matter and the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Jim W. Horner, District Public Defender, and H. Tod Taylor and Patrick R. McGill, Assistant Public Defenders, for the appellant, Jamie L. Bailey.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The first witness at the defendant's competency hearing was Dr. Rokeya Farooque, who testified that she was an assistant professor of the Department of Psychiatry at MeHarry Medical College and a forensic psychiatrist at the Middle Tennessee Mental Health Institute Forensic Service. She said that she had examined the defendant at Middle Tennessee Mental Health Institute after he was admitted on January 15, 2002, for in-patient forensic evaluation. Dr. Farooque described their considerations in determining whether a defendant is competent to stand trial:

> We try to see that he knows what kind of charges he has or that he knows the consequences of that charge is [sic]; what can happen if he was found guilty; how much of the time that he can serve and also . . . does he understand about the court procedures. He understand[s] the court participants, the roles, who does what in the courtroom. He knows the behavior in the courtroom. Also, we look at the plea bargain process so that he understand[s] that or not. We look at all of those things.

She explained that the defendant had no memory of the offenses:

> My findings [are] that as because of this traumatic injury to his frontal lobe he doesn't have any recollection of the incidents that he [is] charged with. So as because of that total lack of memory, total amnesia of the incidents in question, my opinion is that he doesn't lack cooperating with his lawyer to prepare his own defense.

She described the injuries sustained by the defendant as the result of his self-inflicted gunshot wound:

> The CT scan of brain that we did . . . He had many CT scans that were done right after he had that trauma. That he pulled the trigger inside his hard pallet and that went through that side temple. That's how his brain was injured in the front. And he was taken to emergency room and after that they did the bifrontal-lobectomy. And the CT scan also shows that – I can show you the CT scan. I brought it with me. – that there is the volume loss in the frontal lobe.

> And we all have our frontal lobe. And they are like three areas in the frontal lobe. And here's one the dorsal lateral frontal lobe.

> . . . .

> Those two parts of his frontal lobe [are] more damaged than his middle space of his frontal lobe. That is like, as I said, if he had that damage then he would being having [sic] problem with talking, speech and also with his motor movements. He doesn't have that. So that's why I think that he has two parts of his frontal lobe is damaged most than any problem than other space probably [sic].

As a result of this injury, the defendant had "[l]ack of memory in that because of the traumatic injury to his brain he has a lack of memory about surrounding that incident, how that happened, when that happened and what happened because of that traumatic injury to his brain."

Her conclusion was that the defendant was competent to stand trial: "Though [the defendant] is suffering from severe medical disorder with his bifrontal-lobectomy but he has understanding about the court. He understands about the court procedure. He understands that he as [sic] to his charges. He has those factual understanding of those."

On cross-examination, Dr. Farooque explained that the impairment to the defendant was that he could not recall the incidents which resulted in his indictment: "And when we talk with him today he doesn't have any other problem except that memory of that incident in question. So that is really unique in the case of [the defendant]." On redirect examination, Dr. Farooque said that the defendant wished to review the evidence with his attorney.

Dr. Samuel Craddock testified that he had a PhD in psychology and was the staff psychologist for the Middle Tennessee Mental Health Institute. He conducted different examinations on the defendant from those performed by Dr. Farooque. He and Dr. Farooque conferred on the matter and believed that the defendant had a "rational understanding of the elements of the crime against him and why he has been charge[d] with what he has" and that "[h]e communicates rationally at this time." He said that the defendant's "lack of memory is for the period preceding and around the time [of] his self-inflicted gun wound." Dr. Craddock said that the defendant's "deficiency [was] amnesia, not irrational or factual understanding," and that, as to competency to stand trial, he "me[t] the Dusky standards."

The judgments in each of the three counts set out in an identical fashion that the defendant has reserved a certified question:

> Defendant reserves a certified dispositive question of law pursuant to T.R.C.P. 37(b)(i) with the express agreement of both the state and court. Said question of law is set forth in an order filed contemporaneously with this judgment and the guilty plea and the terms of that order are expressly incorporated as if set forth verbatim.

The agreed order, entered on the same day as the judgments, sets out the certified question:

> This cause came to be heard on the 15th day of April, 2004, upon consent of the parties to certify the following dispositive question of law pursuant to Tenn. Rule of Criminal Procedure 37(b)(i).
>
> 1. Whether the trial court erred in finding the defendant competent to stand trial?

-3-

The parties agree and the Court finds that the above described question of law was expressly reserved as part of the defendant's plea agreement in this cause; that the State and the Court consented to the reservation of this issue; and that all parties and the Court are of the opinion that this issue is dispositive of this case.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the above described question of law be certified for appeal pursuant to Tenn. Rule of Criminal Procedure 37(b)(i). It is further ordered that the provisions of this order are hereby incorporated into defendant's judgment and guilty plea in this case, as if set forth verbatim.

All of which is so ordered this the 15th day of April, 2004.

## ANALYSIS

While the certified question is very general, that the trial court erred in finding the defendant was competent to stand trial, his "Memorandum of Law in Support of Finding Defendant Incompetent to Stand Trial" shows that his precise argument actually is that, since he has amnesia as to the time of the three homicides, his being found competent denies him the right to testify in his own behalf, his argument relying upon Momon v. State, 18 S.W.3d 152 (Tenn. 1999). His argument in this regard is twofold: the proof at the hearing established, under the standard set out in Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788 (1960), he was not competent to stand trial; or, alternatively, the Dusky standard is unconstitutional, given the holding in Momon that a defendant has a constitutional right to testify. He asks this court to reverse the determination of the trial court finding him competent to stand trial and dismiss the charges against him or, in the alternative, allow him to withdraw his pleas of guilty.

To these arguments, the State responds that the purported certified question is legally deficient because "[t]he resolution of the question of the defendant's present competency to stand trial will not result in a final disposition," for this court has "no authority upon which to order the charges dismissed." The defendant responds by asserting that, in State v. Jamie Walker, No. 02C01-9707-CC-00283, 1998 WL 652941 (Tenn. Crim. App. Sept. 24, 1998), this court "determined that the issue of whether a defendant is competent to stand trial was a dispositive issue and, therefore, that the certified question in that case was properly before the court." In Walker, this court assumed, without explanation, that a certified question posing as the issue whether the trial court had erred in finding that the defendant was competent to stand trial was dispositive of the case. Id. at *2. We believe that an analysis of this issue is necessary and conclude, as we will explain, that the certified question is not dispositive.

The law as to the circumstances under which a defendant with amnesia can be competent to stand trial is explained in State v. Leming, 3 S.W.3d 7, 16 (Tenn. Crim. App. 1998), where the defendant was convicted for the first degree murder of her husband, who had been found beside the defendant, with both shot in the head. The matter came to this court following her jury trial and

conviction. Among other arguments in her appeal, she claimed that she "was incompetent due to her amnesia surrounding the shootings." Id. at 13. The State responded, as in the present appeal, "that amnesia, in and of itself, does not constitute incompetency." Id. Reviewing the defendant's claims, this court explained that, as to the competency of a defendant to stand trial, Tennessee followed the standard set out in Dusky: "[T]he 'test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'" Id. at 13-14 (quoting Dusky, 362 U.S. at 402, 80 S. Ct. at 789). With this background, we now will determine whether the defendant's certified question is dispositive of the case, the State contending that it is not.

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure creates four exceptions to the general rule that a defendant cannot appeal after a plea of guilty or *nolo contendere* and allows an appeal if:

> (i) the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(i).

Tennessee Code Annotated section 33-7-301 sets out the procedures for competency determinations for criminal defendants. Subsection (b) provides that if "the defendant is incompetent to stand trial because of mental illness," the court "shall determine, in addition to the findings required by chapter 6, part 5 of this title, whether the defendant is substantially likely to injure the defendant or others if the defendant is not treated in a forensic services unit and whether treatment is in the defendant's best interest." Tenn. Code Ann. § 33-7-301(b)(1), (4). Subsection (c) provides that when a person admitted pursuant to subsection (b) "has been hospitalized for six (6) months, and at six-month intervals thereafter, the chief officer of the hospital shall file a written report with the clerk of the court by whose order the defendant was confined . . . [and] the report shall detail the chief officer's best judgment as to the defendant's prospects for recovery, the defendant's present condition, the time required for relevant kinds of recovery, and whether there is substantial probability that the defendant will become competent to stand trial in the foreseeable future." Id. § 33-7-301(c).

Applying this section to the present appeal would mean that, if this court agreed with the defendant that the trial court had erred in determining that he was competent to stand trial, we would not dismiss the matter, as he urges would be the result, but, instead, remand it to the trial court to follow the procedures set out in Tennessee Code Annotated section 33-7-301 and make required findings as to judicial hospitalization. Although the trial court noted in its order that the report from Middle Tennessee Mental Health Institute stated that the defendant "did not meet the standards of judicial commitment to a mental health institute pursuant to the provisions of T.C.A. § 33-7-301(b) and 33-6 part 5," no testimony was presented at the hearing and no finding was made as to this question. Accordingly, a resolution favorable to the defendant would not result in dismissal. Thus, the defendant has not presented a proper certified question, and this court is without jurisdiction to hear this appeal.

Relying on State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984), the defendant argues in his reply brief that if this court determines that the question was not properly certified, he should be allowed to withdraw his pleas of guilty. The court, in Wilkes, determined from the transcript of the submission hearing that, even though matter purported to come to the appellate process as a certified question of law, "neither the State, the defendant, nor the trial judge considered the search issues to be dispositive." Id. at 666. Concluding that the question was not dispositive of the case, this court allowed the defendant to withdraw his pleas of guilty, explaining:

> [The defendant] states that his attorney, the District Attorney, and the trial judge informed him that he could appeal the validity of the search warrant and obtain a trial excluding evidence obtained as a result of the two searches in the event we sustained his contentions. We agree with the defendant in this assertion and agree that it would be unfair under the circumstances to dismiss the appeal and affirm the judgments entered on the guilty pleas.

Id. at 667.

By contrast, in the present appeal the record does not reflect other than the defendant, his attorney, the State, and the trial court believed that the purported certified question was dispositive. We respectfully disagree and conclude that we are without jurisdiction to entertain this matter. Further, we discern no basis for permitting the defendant to withdraw his pleas of guilty.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we dismiss this appeal.

_____
ALAN E. GLENN, JUDGE