# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



FILED

**April 1, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee, | ) C.C.A. No. 02C01-9803-CC-00085 |
| | ) |
| | ) Fayette County |
| V. | ) |
| | ) Honorable Jon Kerry Blackwood, Judge |
| | ) |
| **FLOYD LEE WILLIAMSON,** | ) (Possession of Schedule VI with Intent to |
| | ) Deliver, Possession of Firearm with Intent to |
| Appellant | ) Go Armed, Possession of Schedule II with |
| | ) Intent to Deliver, Evading Arrest) |
| | ) |
| | ) |

FOR THE APPELLANT:

ANDREW S. JOHNSTON
108 E. Court Square
Somerville, TN 38068

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH T. RYAN
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# O P I N I O N

The defendant, Floyd Lee Williamson, appeals on a certified question of law. The defendant moved to suppress evidence found in a vehicle that he was operating. After the Circuit Court of Fayette County denied the motion, the defendant pleaded guilty to possession of a schedule VI substance with intent to deliver, possession of a schedule II controlled substance with intent to deliver, possession of a firearm with intent to go armed, and evading arrest. The defendant appeals the trial court's ruling and argues that the initial stop of the vehicle was not a legitimate investigatory stop. We AFFIRM the trial court's decision.

## BACKGROUND

Fayette County Sheriff's Department Deputy Ricky Wilson responded to a suspicious vehicle report and located a large vehicle proceeding slowly on a roadway approximately one-half mile from the reported area. Wilson testified that the area of the report was part of his patrol territory. He further testified as to his experience with numerous incidents of burglaries, auto thefts, drug trafficking offenses, and other crimes occurring in that locality. Wilson noted that the vehicle had Madison County license tags and was proceeding at approximately thirty miles an hour in a fifty-five miles per hour zone.

Wilson followed the vehicle for approximately two miles and observed it on two or three occasions drift back and forth within its lane. The vehicle also crossed the marked center line of the roadway at least once. Wilson suspected that the driver was intoxicated. He stopped the vehicle and conversed with the driver, the defendant. Deputy Freeman, also of the Fayette County Sheriff's Department, conversed with the passenger. The defendant stated that he and the passenger were en route to Mississippi to visit the passenger's girlfriend. The passenger advised Freeman that they were en route to visit a male friend.

The deputies compared these conversations and noted the conflicting

-2-

statements. Both the defendant and the passenger consented when the deputies requested permission to search the vehicle. Wilson stayed with the two subjects, and Freeman searched the vehicle. Freeman returned and advised Wilson to place the two subjects on the hood of the car. The defendant immediately fled on foot and was not located until after Freeman obtained a warrant for that subject's arrest.

In the vehicle, Freeman had found a bag containing a handgun, approximately one hundred rocks of suspected crack cocaine, and thirteen bags of suspected marijuana. Freeman obtained the warrant for the defendant's arrest. Neither Freeman nor the defendant testified at the hearing.

The defendant's passenger, who actually owned the vehicle, testified at the hearing and denied that the vehicle swerved while the deputy followed the car. He also testified that, in the area "right before" the stop, the speed limit was forty miles per hour and that the defendant was driving at approximately thirty-five to forty miles per hour in that zone.

After the trial court denied the defendant's motion to suppress evidence, the defendant apparently pleaded guilty to the enumerated charges and reserved his appeal on a certified question of law.[1]

## STANDARD OF REVIEW

A trial court's determination at a suppression hearing "is presumptively correct on appeal." State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). This Court upholds a trial court's decision "unless the evidence in the record preponderates against the finding." State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). "Questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Id. "The party prevailing in the trial court is

---

[1] The record submitted to this Court does not include the Judgment. We will assume that the Judgment references the Order and thus qualifies the plea as being contingent on the appeal.

entitled to the strongest view of the evidence, as well as all reasonable and legitimate inferences that may be drawn from the evidence." Id. However, this Court reviews de novo the application of law to those determined facts. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

**ANALYSIS**

The defendant presents his certified question under Tenn. R. Crim. P. 37(b)(2)(iv):

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: . . . (2) Upon a plea of guilty or nolo contendere if: . . . (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

A defendant entering a guilty plea not subject to a plea agreement may reserve, with the court's permission, an appeal on a certified question of law. The certified question must "clearly identify the scope and the limits of the legal issue reserved." State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

The certified question is dispositive: The trial court's suppression of the evidence would dispose of the state's case. An issue is dispositive when the appellate court must either affirm or reverse and dismiss. See State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). An improper stop mandates suppression of this evidence, and, on the record submitted to this Court, the state's case against the appellant as regards the controlled substances and the handgun would necessarily fail.[2] See State v. Dennis Keith and Timothy Collins, No. 02S01-9604-CC-00035 (Tenn. Crim. App. filed Sept. 28, 1998, at Jackson).

The certified question inquires whether "the Defendant was unlawfully and unconstitutionally stopped as said stop was not a legitimate investigative stop." The defendant limits his complaint to the validity of the actual stop and

_____

[2] We do not address whether this question is dispositive for the evading arrest charge. Our holding renders the issue moot.

-4-

contests neither the subsequent detention nor the search.

An officer using his blue lights to stop a vehicle "seizes" that vehicle and thereby invokes analysis of the reasonableness of the stop under the protection granted by the Fourth Amendment to the United States Constitution. See State v. Pully, 863 S.W.2d 29, 30-31 (Tenn. 1993). However, "the reasonableness of seizures less intrusive than a full-scale arrest is judged by weighing the gravity of the public concern, the degree to which the seizure advances that concern, and the severity of the intrusion into individual privacy." Id. at 30.

In the instant case, the defendant challenges Wilson's reasonable suspicion for the investigatory stop. A suspicious vehicle complaint prompted Wilson's searching the area for that vehicle. On his locating a vehicle consistent with the reported general description, he observed that vehicle proceeding at little over one-half the posted speed limit. Such operation of the vehicle was "not unlawful" but "qualified as unusual" and may legitimately be considered by a trier of fact in its determining the reasonableness of a stop. State v. Greer, No. 01C01-9404-CR-00140 (Tenn. Crim. App. filed June 15, 1995, at Nashville). Wilson also observed the vehicle weaving, once crossing over the marked center line of the roadway. A driver's weaving "more than twice," even if his vehicle remains in his lane of traffic, "lends credence to the potential for a drunk driver." State v. Jenkins, No. 01C01-9712-CR-00590 (Tenn. Crim. App. filed Dec. 21, 1998, at Nashville).

Wilson articulated the specific bases for his reasonable suspicion that the driver was intoxicated. A trial court evaluating the validity of an officer's reasonable suspicion, and thus the validity of the initial interference with a defendant's liberty, "must consider the totality of the circumstances," which includes "the officer's personal objective observations, . . . the pattern of operation of certain offenders," and "the rational inferences and deductions that a trained officer may draw from the facts and circumstances known to him--- inferences and deductions that might well elude an untrained person." State v.

-5-

<u>Simpson</u>, 968 S.W.2d 776, 783 (Tenn. 1998).

The trial court resolved the conflict between Wilson's testimony and the passenger's contradicting testimony in favor of the State's case. Wilson articulated specific facts for his reasonable suspicion and subsequent stop, and the defendant's appeal lacks the requisite preponderance of evidence for overturning the trial court's holding. This issue is without merit.

## CONCLUSION

Based on the foregoing, the judgment below is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
DAVID G. HAYES, Judge