# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 24, 2010

## STATE OF TENNESSEE v. TONY CHESTER McNALLY

**Appeal from the Hawkins County Circuit Court**
**No. 09CR0035    John F. Dugger, Jr., Judge**

---

**No. E2010-00541-CCA-R3-CD - Filed February 11, 2011**

---

The Defendant, Tony Chester McNally, pled guilty to introducing contraband into a penal institution, a Class C felony. See T.C.A. § 39-16-201 (2010). He was sentenced as a Range I, standard offender to three years' confinement, to be served consecutively to sentences he was serving at the time of this offense. The Defendant's plea agreement reserved a certified question of law regarding the legality of the questioning that led to his conviction. Because we conclude that the certified question is not dispositive of the case, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which THOMAS T. WOODALL, and ALAN E. GLENN, JJ., joined.

John S. Anderson, Rogersville, Tennessee, for the appellant, Tony Chester McNally.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; C. Berkeley Bell, District Attorney General; and Doug Godbee and Alex Pearson, Assistant District Attorney Generals, for the appellee, State of Tennessee.

## OPINION

This case relates to a search of cellblock A at the Hawkins County Jail and the Defendant's admission to an officer that he had dihydrocodeine pills in his sandal. The Defendant was arrested on December 28, 2008, for introducing contraband into a penal institution. After he was indicted, he filed a motion to suppress, alleging that he was entitled to be advised of his right to remain silent and his right to an attorney before being asked if he had any contraband.

At the suppression hearing, Hawkins County Sheriff's Sergeant Keith Long testified that on December 28, 2008, he was asked to assist with a search of the inmates in the A block section of the Hawkins County Jail after the Sheriff's Department received a tip that contraband had been introduced to that section of the jail. He said they searched the entire A block and did not focus on any particular inmate. He said that he and Sergeant Greg Larkin stood in a hallway of the A block, had inmates brought into the hallway in pairs, had each of the inmates place his hands on the wall and spread his feet, asked each of the inmates if he had any contraband, and then searched each inmate. He said the Defendant and another inmate were brought into the hallway, were told to place their hands on the wall and spread their feet, and were asked if they had any contraband. He said that the Defendant told Sergeant Larkin he had pills in his sandal and that Sergeant Larkin removed the pills from inside the Defendant's sandal. He said the Defendant was not handcuffed while in the hallway. He said that neither he nor Sergeant Larkin knew the Defendant had contraband before searching him and that they did not accuse the Defendant of having contraband.

On cross-examination, Sergeant Long agreed that the Defendant was told to place his hands on the wall but said that the Defendant was not physically held or otherwise restrained while in the hallway. He agreed the Defendant would not have been allowed to leave without being searched. He agreed Sergeant Larkin looked in the Defendant's sandal and found the pills as a result of the Defendant's statement.

The trial court denied the Defendant's motion to suppress. The trial court found that at the time the Defendant was asked if he had contraband, there was no added restriction on his freedom of movement and no additional pressure exerted to detain him. The court also found that there was nothing coercive or unduly prejudicial about the hallway in which the search took place, that there was nothing unusual about the language used to summon the Defendant into the hallway, and that the officers did not accuse the Defendant of having contraband or confront him with evidence of guilt before asking if he had contraband. The Defendant pled guilty after the motion to suppress was denied. On February 25, 2010, the trial court filed an order setting forth that the plea was subject to the following dispositive, certified question of law:

> (1) whether the trial court erred in allowing the statement of the Defendant as well as the fruit of the statement (the alleged contraband) to be admitted in evidence, despite the fact that the Defendant was in custody and not advised of his rights and; whether (2) The court erred in overruling the Defendant's motion to suppress filed with the court on June 5, 2009 and heard by the court on June 5, 2009. Whereby the Defendant sought to suppress the statement and evidence obtained thereon.

# I

Initially, the State contends that the Defendant has failed to comply with the prerequisites for appellate review of a certified question of law. The State argues that the certified question is not dispositive of the case because the Defendant would have been searched and the contraband discovered regardless of whether the Defendant was advised of his rights before admitting that he had contraband. The Defendant has not responded to the State's argument.

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from a plea of guilty if the defendant enters into a plea agreement but explicitly reserves with consent of the State and the trial court a certified question of law that is dispositive of the case and satisfies four additional requirements. See Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand . . . ." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, we are not bound by the trial court's determination that an issue is dispositive. State v. Preston, 759 S.W.2d 647, 651 (Tenn. 1988). Rather, we are required to make an independent determination of the dispositive nature of the question reserved, and appellate review must be denied if the record does not clearly demonstrate how the question is dispositive. Id.

The State argues that the discovery of the contraband was inevitable, even absent an admission by the Defendant, and that the question as to whether the Defendant was entitled to be advised of his rights before being asked if he had contraband is not dispositive of the case. We disagree regarding an inevitable discovery. Although Sergeant Long testified that each prisoner was searched, he did not explain the extent of the searches. Sergeant Long agreed that Sergeant Larkin looked in the Defendant's sandal and found the pills as a result of the Defendant's statement. We have no way to determine if the search was extensive or whether the pills would have been discovered if not for the Defendant's statement.

Nevertheless, the certified question is not dispositive of this case because even if the Defendant were entitled to be advised of his rights before being asked if he had contraband and his statement were inadmissible, the pills would remain admissible.

> [A] defendant may seek suppression of non-testimonial evidence
> discovered through his or her unwarned statements only when
> the statements are the product of an actual violation of the
> privilege against self-incrimination, i.e., such as when actual
> coercion in obtaining the statement is involved or when the

> invocation of the right to remain silent or to have counsel
> present is not "scrupulously honored."

State v. Walton, 41 S.W.3d 75, 92 (Tenn. 2001) (holding that because there was no evidence of coercion by the police, either physical or psychological, in obtaining the location of stolen property, the physical evidence recovered as a fruit of the Miranda violation did not need to be suppressed) (quoting State v. Crump, 834 S.W.2d 265, 270 (Tenn. 1992)). Also, the mere fact that the Defendant was in custody does not negate the voluntariness of the statement. See State v. Smith, 834 S.W.2d 915, 920 (Tenn. 1992). Here, the record reflects that the Defendant's statement that he had pills in his sandal was voluntary and was not the product of coercion or other efforts designed to overcome his will. The dihydrocodeine pills would not need to be suppressed even if the Defendant were entitled to be advised of his rights before being asked if he had contraband. We hold that the alleged Miranda violation is not dispositive of the case.

In consideration of the foregoing and the record as a whole, we dismiss the Defendant's appeal.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE