# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 21, 2007 Session

## STATE OF TENNESSEE v. SCOTT ERIC MCDONALD

**Appeal from the Circuit Court for Hamblen County**
**No. 06CR257    John Dugger, Judge**

_____

**No. E2006-02568-CCA-R3-CD - Filed December 20, 2007**

_____

The Appellant, Scott Eric McDonald, presents for review a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(A). McDonald pled guilty to driving under the influence (DUI), second offense, and, as a condition of his guilty plea, reserved a certified question of law challenging the denial of his motion to suppress evidence, arguing that there was no reasonable suspicion to support the initial stop of his vehicle. On appeal, the State asserts that McDonald failed to properly reserve his certified question, and, as a result, this court is without jurisdiction to hear the appeal. Following review, we agree that the certified question of law was not properly reserved. Accordingly, the appeal is dismissed.

### Tenn. R. App. P. 3; Appeal Dismissed

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Christopher D. Brown and P. Richard Talley, Dandridge, Tennessee, for the Appellant, Scott Eric McDonald.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On March 1, 2006, Officer David Fowler of the Morristown Police Department was dispatched to an area on West Andrew Jackson Highway in response to a call from an off-duty officer who had reported that he observed a white van cross the center line of the highway. Upon arrival in the area, Fowler observed the white van cross the center line of traffic "and actually cut off two vehicles." After witnessing this, Fowler activated his video equipment. Fowler continued to follow the van, which did not cross the center line again, although the vehicle's wheel did touch the

white line on multiple occasions. Fowler conceded, however, that the Appellant violated no "rules of the road " while being videoed. Fowler eventually activated his emergency lights and stopped the Appellant's vehicle.

Upon approaching the Appellant's van, Fowler smelled the odor of alcohol and noted that the Appellant's eyes were bloodshot and his speech was slightly slurred. Fowler asked the Appellant if he had been drinking, and the Appellant replied that he had had "a couple of beers." After administering only "a couple [of] field sobriety tests," which the Appellant failed, Fowler discontinued any further field testing for the safety of the Appellant. Fowler then transported the Appellant to the Morristown Police Department, where a breathalyzer test was administered. The results of the test indicated a blood alcohol level of .13 percent.

On October 9, 2006, the Appellant was indicted by a Hamblen County grand jury for DUI and DUI, second offense. The Appellant filed a motion to suppress, asserting a lack of probable cause or reasonable suspicion to support the initial police stop. Following a November 7, 2006 hearing, the motion was denied. On November 16, 2007, the Appellant pled guilty to DUI second offense and was sentenced to "eleven months and twenty-nine days, suspended to a seventeen percent release eligibility date." As a condition of his guilty plea, the Appellant reserved a certified question of law, which is now before this court on appeal.

**Analysis**

In this appeal, the Appellant seeks review of the following certified question of law, which is set forth in the "special conditions" section of the judgment form:

Whether the stop was a valid *Terry* stop, that is whether the officer had reasonable suspicion based on articulable facts to stop the defendant's vehicle?

Rule 37(b)(2)(A), Tennessee Rules of Criminal Procedure, allows an appeal from a guilty plea in certain cases under very narrow circumstances. An appeal lies from a guilty plea, pursuant to Rule 37(b)(2)(A)(i), if the final order of judgment contains a statement of the dispositive certified question of law reserved by the Appellant, wherein the question is so clearly stated as to identify the scope and the limit of the legal issues reserved. *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The order must also state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation, and that the State and the trial judge are of the opinion that the question is dispositive of the case. *Id*. An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). If these circumstances are not met, this court is without jurisdiction to hear the appeal, and it must be dismissed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The burden is on the Appellant to see that these prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Id*.

In *Preston*, our supreme court made explicit exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law.  With regard to the requirement that the judgment form state the certified question of law, the court stated:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . .  <u>Also</u>, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case.  (emphasis added)

*Preston*, 759 S.W.2d at 650.  In many cases, the State, defendant, and trial court have all agreed, as evidenced by the guilty plea transcript, that the question is properly certified, only to have the State correctly argue on appeal that the certification was not in compliance with *Preston*, which requires dismissal of the appeal because this court cannot assume jurisdiction of a matter upon the agreement of the parties.  *Wilkes*, 684 S.W.2d at 667.  In *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998), our supreme court did relax the *Preston* requirements somewhat by allowing a certified question to be set out in an independent document with such document being incorporated by reference into the judgment.  However, decisions of this court have made clear that such incorporated document must be referenced on the face of the judgment.  *State v. Curtis Emmanuel Lane*, No. E2004-02340-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Nov. 2, 2005).  In *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), our supreme court again reiterated that mere substantial compliance with the dictates of *Preston* is not sufficient to properly certify a question of law.

On appeal, the State argues that this appeal should be dismissed because the question of law was not properly certified.  Specifically, the State asserts that the Appellant failed to properly reserve the certified question based upon a lack of compliance with the requirements of Rule 37(b)(2)(A)(iii) and (iv), namely that although the certified question is stated on the judgment form, there is no indication that the question was expressly reserved with the consent of the State and the trial court or that the parties agree that the question is dispositive of the case. We must agree.  The judgment form in this case merely states: "Certified question of law – whether the stop was a valid Terry stop, that is whether the officer had reasonable suspicion based on articulable facts to stop the defendant's vehicle."  Nowhere on the document is there any mention that the State and the trial court consented to the reservation or that they agreed that the question was dispositive.  While it may be inferred from the placement on the judgment that the State and the court agreed, it is not explicitly stated as required by the rule.  Thus, we must agree with the State that the Appellant has failed to properly certify this question of law. *State v. Michael R. King*, No. M2006-01932-CCA-R3-CD (Tenn. Crim. App. at Jackson, Sept. 28, 2007; *see also State v. Nicholson*, 188 S.W.3d 649, 656 (Tenn. 2006) (noting that the agreed order also reflected the express consent of the trial judge and the State to the question and all parties' opinion that the question was dispositive of the case).  As the Appellant has

failed to carry his burden to properly comply with the requirements of Rule 37, we are without jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed.

**CONCLUSION**

Based upon the foregoing, we conclude that the certified question before us was not properly reserved. Thus, because the question of law is not properly before this court, we dismiss for lack of jurisdiction.

               _____

               DAVID G. HAYES, JUDGE