**STATE of Tennessee**

v.

**Jody D. BEARDEN.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 20, 2009 Session.

Feb. 11, 2010.

---

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Dan. M. Alsobrooks, District Attorney General; and Lisa Donegan, Assistant District Attorney General, for the appellant, State of Tennessee.

William B. "Jake" Lockert, III, Public Defender (on appeal), and Haylee Bradley, Assistant Public Defender (at trial), Ashland City, Tennessee, for the appellee, Jody D. Bearden.

## OPINION

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

The Defendant, Jody D. Bearden, was charged with Class B felony sexual exploitation of a minor. See Tenn.Code Ann. § 39–17–1003. He filed a motion to suppress images of child pornography found by police on his computer on the grounds that the affidavit supporting the issuance of the search warrant did not establish probable cause to search the computer. The Humphreys County Circuit Court granted his motion. The State now ap-

peals that grant. After our review, we affirm the judgment of the trial court.

## Factual Background

We glean the facts underlying this appeal from the affidavit in support of the search warrant at issue and from a transcript of the hearing on the Defendant's motion to suppress. The May 31, 2007 affidavit was sworn by Agent Jimmy Mann of the Twenty–Third Judicial District Drug Task Force. In the affidavit, Agent Mann stated that he had probable cause to believe that the Defendant possessed evidence of a violation of Tennessee Code Annotated section 39–17–417, which outlines the criminal offenses and penalties for manufacture, delivery, sale, and possession of controlled substances.

Agent Mann supported his affidavit with the following facts: earlier on the day he signed the affidavit, Agent Mann had gone to the Defendant's residence, one half of a duplex, in an attempt to make contact with the Defendant. Agent Mann knocked on the front door, but received no answer. Seeing a light on, Agent Mann proceeded to the side door. While approaching that door, he noticed a spray of water coming out of the residence's crawl space access door. Agent Mann then walked to the other half of the duplex, spoke to the residents thereof, and asked them to contact the landlord, Greg Salley.

Mr. Salley arrived shortly thereafter. He asked Agent Mann to enter the Defendant's residence "for precautionary reasons." Upon entering, Agent Mann immediately "recognized the odor of marijuana." Agent Mann partially opened a bedroom door and "observed marijuana plants growing in a closet." He then left the residence to apply for a search warrant. The affidavit requested a search warrant authorizing a search for:

A) Marijuana and/or paraphernalia commonly used in its distribution, including, but not limited to scales, baggies, diluting materials and other materials associated with the packaging of same.

B) United States Currency and/or other items of value....

C) Records, written or otherwise recorded, which may be identified as pertaining in some manner to drug trafficking, including, but not limited to prices of drugs, amounts owed, amounts collected, amounts paid out or names and/or phone numbers of customers, suppliers or other criminal associates.

At 10:51 p.m. on May 31, Agent Mann received a search warrant authorizing, in relevant part, a search of the Defendant's residence for:

Schedule VI narcotics, [m]arijuana, and [a]ll controlled substances, controlled substances paraphernalia, scales and mixing devices, packaging materials, any equipment, devices, records, computers and computer storage discs, to include the seizure of computers to retrieve such records ... all financial records pertaining to the disposition of the proceeds of the violation of the criminal laws specified above, and all of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, voice mail, answering machines, electronic address books, calculators or other storage media....

Neither the State nor the Defendant presented proof at the suppression hearing, but the Defendant's computer was apparently seized and examined for evidence of drug trafficking. During the examination of the computer, images of child pornography were found, leading to the Defendant's indictment for sexual exploitation

of a minor. After listening to argument at the suppression hearing, the trial court granted the Defendant's motion to suppress the images found on the computer, noting that

> the only evidence of drug trafficking in this search warrant is [an] allegation that there were plants there. There is evidence that there was odor of marijuana. The Court just believes you've got to have something either directly or at least circumstantially pointing to the fact that there was drug trafficking involved. For example if it said there were ten plants or several plants, then that would at least be circumstantial evidence that drug trafficking was going on. I don't think that you get there with this warrant. So I'm going to suppress the computer.

The State now appeals.

## Analysis

■■■■■ "[A] trial court's findings of fact at a suppression hearing will be upheld unless the evidence preponderates otherwise." *State v. Odom,* 928 S.W.2d 18, 23 (Tenn.1996). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Id.* "We afford to the party prevailing in the trial court the strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Keith,* 978 S.W.2d 861, 864 (Tenn.1998). However, we review de novo a trial court's application of law to the facts. *See State v. Yeargan,* 958 S.W.2d 626, 629 (Tenn.1997). Because the trial court heard no proof at the suppression hearing, it made no findings of fact apart from accepting the facts contained in Agent Mann's affidavit.

## I. Probable Cause to Search the Defendant's Computer

■■■ The State first contends that the trial court erred in holding that Agent Mann's affidavit lacked facts sufficient to justify a search of the Defendant's computer. The Fourth Amendment to the United States Constitution provides that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article 1, section 7 of the Tennessee Constitution provides that

> the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

■■■ The United States Supreme Court has explained that, in making a probable cause determination, a warrant-issuing judge is to examine "the totality of the circumstances" and "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As to our standard of review, "the duty of a

reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Id.* (quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)).

The State argues that the trial court overlooked the fact that Agent Mann saw marijuana plants, rather than "a couple of joints or baggies of marijuana that could more likely be associated with the [D]efendant's personal use." We disagree; the trial court specifically mentioned that Agent Mann saw "plants" but that he failed to note how many. The State also asserts that "Agent Mann specifically noted in the affidavit that he suspected the [D]efendant may be involved in drug trafficking." Again, we disagree; although Agent Mann stated that he was aware of certain facts about drug traffickers' tendency to keep business records and cash on hand, he did not state that his observations and law enforcement experience led him to believe that drug trafficking was taking place at the Defendant's residence.

Even if he had, however, we agree with the trial court that the facts included in Agent Mann's affidavit were insufficient to establish probable cause to search the Defendant's computer. Agent Mann's affidavit merely states that he "recognized the odor of marijuana" and "observed marijuana plants growing in a closet." He did not specify how many plants he observed, nor did he specify their size. He also did not include any other facts supporting a belief that the Defendant was engaged in drug trafficking. In our view, Agent Mann's affidavit does not provide a substantial basis for the belief that the Defendant was trafficking in marijuana, as opposed to growing it in small quantities for his personal use. The trial court did not err in holding that the issuing judge lacked a substantial basis for finding a fair probability of drug trafficking evidence being present on the Defendant's computer.

## II.  Good Faith Exception

The State additionally argues that, even if Agent Mann's search warrant for the Defendant's computer was issued in error, the trial court should have denied the Defendant's motion to suppress under the "good faith exception" to application of the exclusionary rule. The United States Supreme Court has held that "in the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Tennessee, however, has not adopted this "good faith exception." *See State v. Carter,* 16 S.W.3d 762, 768 n. 8 (Tenn. 2000); *see also State v. Lonnie Taylor,* No. 86–144–III, 1987 WL 25417 at *6–10 (Tenn.Crim.App., Nashville, Dec. 4, 1987) (explaining the history of exclusionary rule application in Tennessee and declining to adopt the *Leon* exception). This issue is without merit.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the Humphreys County Circuit Court's grant of the Defendant's motion to suppress.