IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 25, 2013

## STATE OF TENNESSEE v. CLIFFORD DELEON THOMAS

**Appeal from the Criminal Court for Knox County**
**No. 96003 Stephen W. Sword, Presiding Judge**

**No. E2012-01956-CCA-R3-CD - Filed August 30, 2013**

Defendant pled guilty to one count of possession of more than 0.5 grams of cocaine with intent to sell, a Class B felony, and one count of driving with a suspended license, a Class B misdemeanor, while reserving a certified question of law concerning the constitutionality of a city ordinance requiring vehicles operating within the municipality to have a "tag light" illuminating the vehicle's license plate after dark. The defendant was sentenced to eight years probation on the possession charge and to a concurrent six months probation for driving with a suspended license. Upon review, we conclude that the certified question reserved by the defendant is not dispositive of the constitutionality of the traffic stop at issue. The defendant's appeal is dismissed accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and ROGER A. PAGE, JJ., joined.

Mark Stephens, District Public Defender; Julia Auer Gautreau, Assistant Public Defender, for the appellant, Clifford Deleon Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Randall Nichols, District Attorney General; and Kenneth F. Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The defendant was indicted by a Knox County grand jury on one count of possession with intent to sell more than 0.5 grams of cocaine base in violation of Tennessee Code Annotated section 39-17-417, one count of possession with intent to deliver more than 0.5 grams of cocaine base in violation of Tennessee Code Annotated section 39-17-417, one count of possession of marijuana in violation of Tennessee Code Annotated section 39-17-418, one count of driving with a revoked licence in violation of Tennessee Code Annotated section 55-50-504, one count of driving with a suspended license in violation of Tennessee Code Annotated section 55-50-504, one count of driving with a cancelled license in violation of Tennessee Code Annotated section 55-50-504, and one count of driving without a license in violation of Tennessee Code Annotated section 55-50-351. These charges all resulted from a traffic stop of the defendant's vehicle that occurred on December 7, 2009.

On September 2, 2011, the defendant filed a pretrial motion to suppress evidence on the grounds that his traffic stop constituted an illegal seizure. In support of this motion, the defendant alleged that the officer conducting the traffic stop had testified at a preliminary hearing that his only reason for stopping the defendant's vehicle was a "tag illumination violation" of City of Knoxville Municipal Ordinance section 17-379(b)(4). The defendant argued that: (1) a video recording of the stop traffic revealed that the defendant's license tag was in fact properly illuminated, and (2) section 17-379(b) was void because it conflicted with a state law, Tennessee Code Annotated section 55-9-404, which required tag lights for

passenger cars only in specific circumstances not applicable to his case and because it conflicted with state policy (as reflected in the fact that the general assembly had not passed any general law requiring passenger vehicles to operate with tag lights) against requiring such tag lights.

At a hearing held on November 17, 2011, the trial court reviewed video footage of the traffic stop and heard arguments from the parties concerning whether the city ordinance conflicted with state law. The State argued that municipalities generally have the power and flexibility to supplement state law unless there is some specific prohibition against it and that no such prohibition existed in this case. In addition, the State argued that even if the ordinance was unenforceable, the traffic stop ought to still be upheld on the grounds that the police officer was acting in good faith and enforcing an ordinance that he reasonably believed to be valid. The defendant argued that the relevant state enabling statute specifically covered the operation of vehicles but not equipment on the vehicles themselves and that the city did not have the power to require all vehicles to carry any equipment other than that required by state law. The defendant argued that permitting various localities to implement differing duties concerning vehicle equipment would unduly burden drivers and would serve to unfairly penalize them as they traveled from city to city for violating local regulations of which they were unaware. The defendant further argued that if the police stopped the defendant based on an unconstitutional law, then the stop itself was unconstitutional, whether

or not the officer reasonably believed that the ordinance that he was enforcing was valid.

Following the hearing, the trial court took the matter under advisement. The court later denied the defendant's motion by written order dated December 9, 2011. The defendant sought leave to file a motion for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court denied that motion on January 13, 2012. On May 24, 2012, the defendant entered a conditional guilty plea—reserving a certified question of law—to possession of more than 0.5 grams of cocaine base with intent to sell, a Class B felony, and driving on a suspended license, a Class B misdemeanor. The remaining charges were dismissed pursuant to the plea agreement. The defendant was sentenced as a Range I, standard offender to eight years for possessing the cocaine and to six months for driving with a suspended license. The trial court ordered the sentences to be served concurrently and suspended the sentences, placing the defendant on probation.

The defendant filed a timely notice of appeal raising only his certified question of law. Our opinion follows.

**ANALYSIS**

The certified question preserved by the defendant reads in full:

The defendant, with the consent of the State and the trial court, entered a guilty plea but reserved pursuant to Tennessee Rules of Criminal Procedure 11(a)(3) and 37(b)(2) the following certified question of law; and the defendant, the State, and the trial court are all of the opinion that the following certified question of law is dispositive of the case in that a ruling on the issue will determine the lawfulness of the traffic stop leading up to the charge underlying the judgment. The scope and limits of the question of law are as follows: Whether City of Knoxville Ordinance, Section 17–379(b) is in conflict with Tennessee state law governing the regulation of motor vehicle equipment and is therefore void. The ordinance requires additional motor vehicle equipment not mandated by Tennessee Code Annotated, Title 55, Chapter 9, which governs motor vehicle equipment. The enabling language of Tennessee Code Annotated, Title 55, Chapter 10, Section 307 specifically authorizes municipalities to adopt by ordinance any appropriate provisions of Chapter 8 for additional regulations of the operation of vehicles within the municipality. In light of the enabling language of Chapter 10 as it specifically relates to municipal expansion on the provisions of Chapter 8, is a municipality's expansion on the provisions of Chapter 9 mandating additional equipment for motor vehicles in conflict with Chapter 9, and also the intent of Chapter 10, and therefore void under Article I, Section 8, and Article II, section 3 [of] the Tennessee [C]onstitution?

This question, as phrased, does not properly preserved an issue that is dispositive of the defendant's case. His appeal must be dismissed accordingly.

As a general rule, a defendant who pleads guilty to a crime has no right to appeal. *See* Tenn. R. Crim. P. 37(b)(2). However, our state does permit criminal defendants to bring an appeal after entering a "conditional" guilty plea, provided certain requirements are met. *See* Tenn. R. Crim. P. 37(b)(2)(A). One of the primary requirements is that the certified question so preserved be "dispositive of the case." *See id.* "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss," but "[a]n issue is never dispositive

when we might reverse and remand." *State v. Oliver*, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000) (*quoting State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). "We are not bound by the trial court's determination that an issue is dispositive;" instead, "we are required to make an independent determination of the dispositive nature of the question reserved." *Id.*

Attempting to properly preserve a certified question of law is always a practice fraught with peril. The various requirements for properly preserving a certified question have been "strictly construed" by our supreme court, and "the burden is on the defendant to see that these prerequisites are [met]." *State v. Armstrong*, 126 S.W.3d 908, 910 (Tenn. 2003). As our supreme court has explained:

> [W]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn.R.Crim.P. 37 have been dismissed because the certified question was not dispositive.

*State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The defendant's appeal must now be added to the ever-growing list of appeals that have been dismissed because the defendant failed to properly preserve a dispositive certified question.

The defendant's question addresses only the issue of whether the city ordinance has been preempted by state law. The question fails to consider whether the traffic stop could nonetheless be constitutional if it was performed based on a facially valid law that was subsequently determined to be preempted, or a related issue, whether the evidence resulting from such a stop would necessarily need to be suppressed if the officer involved was acting reasonably. Under the federal constitution, good faith on the part of a police officer plays a significant role in suppression issues. *See, e.g., Davis v. United States*, 131 S. Ct. 2419, 2429 (2011) ("Indeed, in 27 years of practice under [the] good-faith exception, we have 'never applied' the exclusionary rule to suppress evidence obtained as a result of nonculpable, innocent police conduct."). In fact, under federal law, it would appear settled that suppression would not be warranted on these facts. *See Illinois v. Krull*, 480 U.S. 340, 350 (1987) ("If [a] statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such a judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written.").

Our state constitution, of course, may afford criminal defendants greater protection than that afforded by the federal constitution. *See, e.g., State v. Richards*, 286 S.W.3d 873, 878 (Tenn. 2009); *State v. Cox*, 171 S.W.3d 174, 183 (Tenn. 2005) ("[I]n the search and seizure arena, we acknowledge that on occasion this Court has applied a common sense

'reasonableness' standard that tends to provide greater protection for the constitutional rights of citizens than the baseline level of protection guaranteed by the federal constitution.). Tennessee courts have repeatedly passed on opportunities to recognize an officer's "good faith" as an exception to the exclusionary rule in other contexts. *See, e.g., State v. Carter*, 16 S.W.3d 762, 768 n.8 (Tenn. 2000) ("[T]his Court has yet to adopt the [good faith] exception."); *State v. Bearden*, 326 S.W.3d 184, 188 (Tenn. Crim. App. 2010) ("Tennessee, however, has not adopted this 'good faith exception.'"). However, this does not alter the fact that there is no language appearing anywhere in the certified question that asks this court to consider the issue of whether the traffic stop was in fact unconstitutional—and suppression of the evidence warranted—in the event that this court should agree with the defendant that the ordinance at issue was invalid. In theory, there is nothing that would prevent this court from holding that an officer's good faith reliance on a facially valid ordinance was relevant to the constitutional inquiry in this particular context or upholding the seizure simply because the officer was acting reasonably under the circumstances. *Cf. Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) ("[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness . . . .'"). We further observe that the adoption of any rule that would necessarily require the exclusion of all evidence seized as a result of an officer's reasonable efforts to enforce a facially valid statute (later declared unconstitutional) would add considerable unforeseen collateral consequences to the already forceful act of exercising the hefty power of judicial review.

The defendant's failure to include any language concerning the legal consequences of a seizure conducted pursuant to a facially valid ordinance (and the State's failure to point out this deficiency) is puzzling given that the transcripts reflect that both parties argued about this issue in the court below. Regardless of the cause of this omission, we conclude that the defendant's certified question as phrased is not dispositive of his case.

**CONCLUSION**

For the foregoing reasons, the defendant's appeal is dismissed.

_____

JOHN EVERETT WILLIAMS, JUDGE