IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 17, 2014 Session

**STATE OF TENNESSEE v. TERRY SCOTT YARBROUGH**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-B-1759      Mark Fishburn, Judge**

**No. M2013-02125-CCA-R3-CD - Filed July 29, 2014**

Appellant, Terry Scott Yarbrough, pleaded guilty to driving under the influence ("DUI"), first offense, and received a sentence of eleven months, twenty-nine days, with all but forty-eight hours suspended to supervised probation. As a condition of the plea agreement, appellant reserved the right to certify a question of law challenging the trial court's denial of a motion to suppress. Following our review, we conclude that we do not have jurisdiction to address the certified question of law because it does not comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2) and *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and LARRY J. WALLACE, SP. J., joined.

Nicholas W. Utter (on appeal); and Thomas Overton (at hearing), Nashville, Tennessee, for the appellant, Terry Scott Yarbrough.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Elizabeth Foy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts

Appellant was indicted by a Davidson County grand jury for DUI and violation of the open container law stemming from appellant's January 20, 2011 arrest at a Valvoline oil change business. Prior to trial, appellant moved the court to suppress "all evidence obtained

as a consequence of the illegal intrusion of [appellant's] vehicle" and "all evidence obtained as a consequence of the unlawful arrest of [appellant]." Subsequently, the trial court held a hearing on the motion to suppress, at which the arresting officer testified.

Metro Nashville Police Officer Adam Reese testified that on January 20, 2011, he received a call that an "obviously[] intoxicated" man was "getting his oil changed" at a Valvoline business located on Highway 70 South. When Officer Reese arrived, appellant was sitting in the driver's seat of his vehicle, which was located in an oil change bay. Officer Reese asked appellant to step out of his vehicle. When appellant complied, "[h]e dropped the keys on the ground as he got out." Officer Reese testified that appellant "had bloodshot, watery eyes and a strong odor of an alcohol beverage."

Officer Reese had appellant perform the walk and turn test, and according to Officer Reese, appellant "missed heel to toe every time and stepped off line twice on the first nine steps and three times on the second nine steps, and also had trouble maintaining balance." Appellant refused to perform the one leg stand test. Officer Reese said that he asked appellant whether he had anything to drink and that after initially denying it, appellant admitted that he had consumed "a few beers."

Officer Reese recalled seeing several Bud Light cans in appellant's vehicle and "small empty bottles of cinnamon fireball whiskey." When asked about the containers, appellant replied, "'[W]ell, that's not all from today.'" Appellant admitted to Officer Reese that he had driven to the oil change location. Officer Reese said that there was no indication that "there was anything wrong with [appellant's] vehicle." He stated that the Valvoline employees "finished changing his oil and drove it out of the facility." Officer Reese agreed that appellant "was too impaired to be driving safely."

On cross-examination, Officer Reese testified that "[i]f [he] remember[ed] correctly . . . [the Valvoline employees] intentionally left [the vehicle] drained of oil until" Officer Reese arrived. He said that he reached the business "within probably just a few moments of them calling." Officer Reese concurred that appellant probably would not have been able to drive away because there was no oil in his vehicle.

Following this testimony, appellant's counsel asked the trial court to "suppress the charge of driving under the influence because of the fact that the vehicle was inoperable at the time." In its written order denying appellant's motion to suppress, the trial court determined that appellant was in physical control of his vehicle at the time of his arrest. Subsequently, appellant pleaded guilty to DUI, conditioned upon the reservation of a certified

question of law.[1]  The judgment form reflects the following statement of the proposed certified question of law:

> Express reservation of issue of certified law, with permission of the Court and permission of the District Attorney, each agreeing that, in their respective opinion, the question posed is dispositive of the case as follows: Whether the trial court erred in denying Defendant's Motion to Suppress any and all evidence the State might introduce in the matter because the Defendant was seized without reasonable suspicion or probable cause, for DUI, in violation of the Fourth, Fifth[,] and Sixth Amendment[s], for DUI where Defendant asserts he was not in physical control of the vehicle at the time of his arrest.

Appellant now appeals his conviction based upon the certified question.

## II. Analysis

Because this appeal comes before us as a certified question of law pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure, we must first determine whether the question is dispositive.  Rule 3(b)(2) of the Tennessee Rules of Appellate Procedure permits a defendant to plead guilty while reserving the right to appeal a certified question of law that is dispositive of the case.  In doing so, a defendant must also comply with the requirements of Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure.  Rule 37 outlines the following requirements:

(i)     the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii)    the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii)    the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

---

[1] The record indicates that the second charge, violation of the open container law, was dismissed.

(iv)    the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. App. 37(b)(2)(A)(i)-(iv) (2011).

Our courts have explicitly defined the prerequisites to an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2)(A):

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law[,] and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State[,] nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation[,] and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The *Preston* requirements are mandatory. *State v. Bowery*, 189 S.W.3d 240, 245-46 (Tenn. Crim. App. 2004) (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). Failure to comply with the requirements results in dismissal of the appeal. *Id.* (citing *Pendergrass*, 937 S.W.2d at 837).

After carefully reviewing the record on appeal, we conclude that appellant's certified question does not comply with the *Preston* requirements because it is not dispositive and is overly broad. "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). In this case, the issue was presented as a challenge to appellant's arrest based on lack of reasonable suspicion and probable cause, but the actual issue identified by the certified question is whether appellant was in physical control of his vehicle.[2] Whether a person is in physical control of a vehicle is a question for the jury to determine rather than an issue concerning the legality of an arrest. *See State v. Butler*, 108 S.W.3d 845, 852 (Tenn. 2003) (examining the factors enumerated in *State v. Lawrence*, 849 S.W.2d 761 (Tenn. 1993), and holding that a *rational jury* could have found that the defendant was in physical control of his motorcyle); *Lawrence*, 849 S.W.2d at 765 (setting forth a test for the *trier of fact* to utilize "when the issue is the extent of the accused's activity necessary to constitute physical control"). Accordingly, even if this court disagreed with the trial court's decision, we would have remanded for a trial, not dismissed the charge outright. Thus, the certified question is not dispositive.

In addition, the certified question does not meet the strict requirements of *Preston* because it is overly broad. The question as written does not identify what specific evidence appellant seeks to have suppressed and lists three separate constitutional amendments without identifying the scope and limits of the legal issue. Therefore, the question does not provide an adequate basis for this court's review.

## CONCLUSION

Based on the arguments of the parties, the appellate briefs, the applicable law, and the record, we conclude that we are without jurisdiction to consider appellant's appeal because appellant has not properly reserved a certified question of law under Rule 37. The appeal is dismissed.

_____
ROGER A. PAGE, JUDGE

---

[2] We note that appellant's certified question does not claim that his arrest was illegal based on Tennessee Code Annotated section 40-7-103(a)(1), which governs arrests for misdemeanors committed in an officer's presence. Thus, any argument presented on appeal regarding this statute is outside the scope and limits of the certified question.